### M. C. POELKING v. ELDRIDGE & HIGGINS CO.

**Judgment Creditor Entitled to Excess of Value of Goods Over $500 not Exceeding Judgment and Costs.**

> On replevin by debtor's wife of goods claimed as exempt from execution and levy to satisfy a judgment against her husband, the creditor is entitled to judgment for the excess of value of the goods over $500 and not exceeding the amount of the original judgment and costs.

ERROR to common pleas court.

*Burrows & Mason,* for plaintiff in error.

*Carr, Stearns & Chamberlain,* for defendant in error.

MARVIN, J.

The plaintiff, Mrs. M. C. Poelking, is the wife of Henry Poelking. He kept a grocery in this city. He was sued by the Heintz Company, and judgment obtained against him and execution was levied upon his stock of groceries. He demanded that certain goods be set off to him as exempt, in lieu of a homestead. Just what was done under this demand is not clear from the evidence. The constable said nothing about it in his return to the execution, nor was it necessary, for he sold enough to satisfy the judgment and costs, and it is not claimed that he sold any that was set off as exempted, if any was set off. The constable is not clear in his testimony about that. If the jury had returned a verdict which necessarily carried with it the fact that the property was properly appraised and set off, as exempt, perhaps we would not disturb it. If the finding necessarily carried with it the fact that the goods were not so set off, it is doubtful whether we would disturb that.

A definite finding, however, on this question, is not necessary to a determination of the case now under consideration.

Poelking v. Eldridge & Higgins Co.

After the conclusion of the proceedings in the Heintz case, already mentioned, the defendant in error in this case recovered a judgment against Henry Poelking and caused execution to be levied on the goods, which the present plaintiff claims were allowed as exempt, to her husband, in the former claim. The constable, in the execution of his levy took possession of the goods. Mrs. Poelking then brought suit in replevin, claiming to own the goods, by reason of a transfer of the same to her by her husband, after they were set off as exempt in the Heintz case. She gave the statutory bond and the goods were released to her. The defendant in error was joined with the constable, and the result of the trial was a verdict and judgment for $340 in favor of the defendant, the Eldridge & Higgins Co.

Whatever the fact is as to whether the goods were exempted to the husband, it is certain that if he transferred them to his wife, he did so without consideration, and while he was in debt beyond his ability to pay, and so, if they could have been subjected to the payment of the defendant's claim, before such transfer, they could equally well be so subjected after the transfer.

If when the goods were levied upon to satisfy the defendant's claim, the value was sufficient to allow the $500 exemption to which either Mr. or Mrs. Poelking was entitled, and still leave a surplus, such surplus was subject to be applied in satisfaction of defendant's judgment, and the present plaintiff having retaken the goods, after giving the statutory bond therefor, the defendant was entitled to a judgment in the action to the extent of such surplus, not exceeding the amount of its judgment and costs. The evidence was such as to warrant the jury in finding that the goods taken in replevin were of such value as to provide the $500 exemption, with enough in addition to satisfy the claim of the defendant.

If they so found, the verdict was right and we can not disturb it. It is affirmed.

**Winch and Henry, JJ., concur.**